## UNITED STATES ex rel. NOYES v. WOOD.

(Fourth Division. Fairbanks. May 7, 1920.)

No. 1756.

**I. Execution ⬅417—Civil Contempt—Creditors' Suit.**

On supplemental proceedings the court found the defendant was the owner of valuable estate, and by order of court commanded the defendant to sign a deed conveying the property to the receiver of the bank to pay certain judgments owing to the bank by the defendant. The defendant refused to obey the order. *Held,* it was a contempt of court in refusing to sign the form of conveyance when ordered to do so, and defendant was ordered to be confined in jail until he should sign the conveyance.

**2. Contempt ⬅4—Civil.**

Civil contempt consists in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein.

The defendant Wood is one of several judgment debtors in civil case No. 1756. F. G. Noyes is the receiver of the Washington-Alaska Bank and is the plaintiff in said action. The defendant Wood herein is indebted to the receiver of the Washington-Alaska Bank in a sum amounting to over $200,000. No payments have been made by him to satisfy the judgment against him, except by virtue of the coercive process of the court. Supplemental proceedings in aid of execution as provided by statute disclose the fact that this judgment debtor for some considerable time has been removing his personal property from the jurisdiction of this court and concealing the same. It also appears that one of his considerable assets, to wit, some 190 shares of the capital stock of the First National Bank has been pledged by him as security for the debts of others; that he does not intend to

pay the judgment against him, and to that end has given away, disposed of without consideration, concealed, and involved his estate. It also appears that one John L. McGinn, also a judgment debtor in this same action, is aiding, advising, and abetting the said Wood in his efforts to dispose of, conceal, and involve his estate, in order that it may not be applied in satisfaction of the judgment against him, Wood. They, Wood and McGinn, are joint tort-feasors, and it appears from the evidence that, although McGinn is wealthy and well able to pay any judgment in this action against him, Wood, when payment of a considerable sum was coerced through the process of the court, tried to use his own personal funds to the extent of $37,500 to pay certain items of the judgment, for which items both Wood and McGinn are jointly and severally liable.

Under such a state of facts, the application of the plaintiff in No. 1756 Civil for the appointment of a receiver of the estate of R. C. Wood was granted, and the court, being of the opinion that F. G. Noyes was a proper and competent person to be appointed receiver of the estate of said Wood, appointed the said Noyes as such receiver.

The judgment and order, which is dated April 24, 1920, further provides as follows:

"It is hereby further, ordered, adjudged, and decreed that said judgment debtor R. C. Wood be and he is hereby required to forthwith appear before this court or the judge thereof at the courthouse in Fairbanks, Alaska, and upon the qualification of said receiver, execute, acknowledge, and deliver, under the supervision and direction of the said judge of this court, such good and sufficient deed or deeds or other instruments of conveyance, transferring to said F. G. Noyes, as receiver herein, all of the property described in the findings of fact made and entered herein, as well as any and all property of every nature whatsoever owned or possessed by said judgment debtor R. C. Wood, or in which he may have any interest, legal or equitable, not exempt from execution, located in the territory of Alaska or elsewhere, wherever the same may be situate."

The receiver of the estate of R. C. Wood duly qualified as such receiver and filed his bond as required by the order of his appointment. On April 28, 1920, the said Wood, together with his attorney, A. R. Heilig, Esq., appeared in court, and by order of the court there was handed to the said Wood a form of deed and conveyance, in accordance

with the terms of the above-mentioned order, for his signature, which he refused to sign. At the request of his attorney this matter was continued until the afternoon session, and, again appearing with his counsel, A. R. Heilig, Esq., he again refused to sign the form of conveyance presented to him. Thereupon Mr. Heilig stated to the court that he did not sustain Mr. Wood in his refusal to sign the conveyance. A continuance was granted until April 30, 1920.

On the 29th of April, 1920, an application for appeal from the judgment and order of the court appointing a receiver of the estate of R. C. Wood was presented and was allowed, and the court, being of the opinion that the said Wood was possessed of an estate of the worth and value of at least $125,000, fixed the amount of supersedeas bond on appeal in that amount.

Whether or not the appeal, as contended by counsel, operated as a stay of execution for a period of 10 days, exclusive of Sundays, from the date of the judgment and order appealed from, to wit, April 24, 1920, the court is not called upon to decide. Revised Statutes, § 1007 (U. S. Comp. St. § 1666). At the expiration of 10 days, exclusive of Sundays, the defendant having failed to give a supersedeas bond in the sum of $125,000, was again called upon to sign the form of conveyance above mentioned. He again refused to sign.

Morton E. Stevens, of Fairbanks, for plaintiff.
Louis K. Pratt, of Fairbanks, for defendant.

BUNNELL, District Judge. In my opinion this is an instance of direct civil contempt. In fact, is was a contempt of court in refusing to sign the form of conveyance when first ordered to do so, and before there was an appeal from the order of the court appointing a receiver.

As defined by 9 Cyc. p. 5:

"A direct contempt is an open insult in the presence of the court to the presiding judge, or a resistance or defiance in his presence to its powers or authority."

On the following page it is stated:

"Civil contempt consists in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein."

6 A.R.—17

Distinguishing between civil and criminal contempt we find the following in 6 R. C. L. p. 490:

"*Proceedings for Contempts are of Two Classes.*—Those prosecuted to preserve the power and vindicate the dignity of the courts and to punish for disobedience of their orders, and those instituted to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made for enforcing the rights and administering the remedies to which the court has found them to be entitled. The former are criminal and punitive in their nature, and the government, the courts, and the people are interested in their prosecution. The latter are civil, remedial and coercive in their nature, and the parties chiefly in interest as to their conduct and prosecution are the individuals whose private rights and remedies they were instituted to enforce."

In this particular case the defendant is in court and in the presence of the judge of the court; his attorney has advised him to sign the form of conveyance presented; the full period of 10 days, exclusive of Sundays, since the judgment and order of the court appointing a receiver of his estate has expired; he has failed to file a supersedeas bond in the amount fixed by the court; the form of conveyance as ordered by the court is again presented to him for his signature; ink and pen are on the table before him. Again he refuses to sign it. In fairness to his counsel, A. R. Heilig, Esq., it is only right that the court should state that Mr. Heilig declined to represent Mr. Wood in this contempt matter. Mr. Wood secured the services of Louis K. Pratt, Esq., to appear for him and to represent him. It is contended that this is a case of criminal contempt, if contempt at all. There is no merit in such a contention. The court is not requiring the defendant to perform an act that in its nature requires any further time. All the facts are known to the judge of the court. All the leniency and consideration has been extended that justice can possibly demand.

The defendant will be committed to the custody of the United States marshal for the Fourth judicial division to be imprisoned in the federal jail at Fairbanks, Alaska, until he signs the form of conveyance presented to him for his signature, or until he furnish a supersedeas bond in the sum of $125,000 in his appeal from the judgment and order of this court appointing a receiver of his estate. This is not a case of criminal contempt. A fine cannot suffice, nor can

he be imprisoned for any specific definite period. He carries the keys of his prison in his own pocket. When he obeys the order of this court he is entitled to his release. In re Nevitt, 117 Fed. 448, 54 C. C. A. 622, and cases therein cited.

Judgment may be prepared for the signature of the judge of this court, and the United States marshal is directed to forthwith take the defendant into custody.

⬡⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes